[J-50-2016] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| BRENTWOOD BOROUGH SCHOOL DISTRICT | : | No. 21 WAP 2015 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court entered March |
| v. | : | 24, 2015 at No. 2346 CD 2013, |
| | : | affirming the Order of the Court of |
| | : | Common Pleas of Allegheny County |
| HEATHER HELD | : | entered December 11, 2013 at No. GD |
| | : | 09-004808. |
| | : | |
| v. | : | ARGUED: April 6, 2016 |
| | : | |
| | : | |
| HSBC BANK USA, N.A. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GROVE PROPERTIES, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: HSBC BANK USA, N.A. | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**

I join fully in the mandate of the Court. I write separately to expand briefly on the thoughtful and useful concurring statement of Justice Dougherty.

Like Justice Dougherty, I emphasize that our *per curiam* affirmance should be read neither as an approval nor disapproval of the test developed by the Commonwealth Court. Originally, this case appeared to be a vehicle by which this Court helpfully might define what it means for a property to be "continuously occupied . . . as a residence" for purposes of the Pennsylvania Municipal Claims and

Tax Liens Act, 53 P.S. §§ 7101-7505, at § 7293(c).  Following briefing and advocacy from the parties, it turns out that this is not the case.

The question presented on this appeal is not as simple as might appear at first blush.  As the Commonwealth Court recognized, resolution of the matter requires a fact-intensive inquiry into the nature of an owner's use of a particular property.  Upon close review, the record in this case lacked the requisite inquiry into the facts, and advocacy from the parties did nothing to elucidate matters.  Future cases may well present opportunities to consider and refine the Commonwealth Court's non-exclusive list of factors and to apply them against a more developed fact record and within the context of more robust advocacy.  Because we were unable to develop fully the legal issues before us, we must bide our time and allow these issues to incubate further within the lower courts, with the understanding that today's order reflects neither an endorsement nor a rejection of the Commonwealth Court's test.